HARRISON, Comptroller-general, *v.* GEORGIA, FLORIDA AND ALABAMA RAILROAD COMPANY.

550

No. 8518.   February 27, 1932.   Rehearing denied March 5, 1932.

552

*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general, H. G. Bell,* and *Vance Custer,* for plaintiff in error.

*A. B. Conger* and *Colquitt, Parker, Troutman & Arkwright,* contra.

HILL, J. (After stating the foregoing facts.) The comptroller-general filed an intervention in which it was prayed that the Georgia, Florida & Alabama Railroad Company be enjoined "from removing any of its property, including the lease described in the petition, from the jurisdiction of the court," and that "the receivership pending be continued in force and effect by order of the court until the tax claims of intervenor for Decatur County can be passed upon and determined." The railroad company demurred to the intervention. On March 7, 1931 (more than a month before the comptroller-general had assessed the "property" for taxation), the superior court of Decatur County allowed the intervention to be filed, over the objection of the railroad company. Because of the fact that the intervention was allowed in the Purviance case, it is contended that the order allowing the intervention adjudicated the question of the taxability of the "property" right which the comptroller-general attempted to assess for taxation. But to this contention we do not agree. The allowance of the intervention in another case was merely the allowance of certain pleadings in that case, and can not affect the merits of the instant case, which raises the question of the taxability of the leasehold interest as "property" of the Georgia, Florida & Alabama

Railroad Company. Therefore the "plea in abatement" was without merit.

Under the statutes of Georgia a plan for taxing railroad properties in this State is provided. Railroads are required to make returns of such properties to the comptroller-general. Civil Code (1910), § 1031 et seq. Section 1055 provides the procedure in cases where property owners fail to return their property for taxation. Section 1058 provides that when the delinquent fails or refuses to return his property for taxation, and after the notice has been given, it "shall then be the duty of the comptroller-general to assess such property for taxation for State, county, and municipal and school purposes, from the best information he can obtain as to its value for each year in default, and notify such delinquent of the valuation, which valuation shall be final unless the taxpayer raises the question that it is excessive, in which event the further procedure shall be the same as is now provided when the value of returned property is arbitrated." Section 1060 provides that if the delinquent "disputes the taxability of such property" he "may raise that question by petition in equity in the superior court of Fulton County." It will be observed that when (and not before) the comptroller-general assesses railroad property for taxation, the railroad company may invoke the remedies provided by law, that is, to arbitrate the question of the value of the property assessed, in the manner provided by law, and, on questions of the taxability of the property sought to be assessed, to determine that question in equitable proceedings instituted for that purpose in the superior court of Fulton County. When Purviance brought his petition in Decatur superior court to collect the amount alleged to be due him (which was subsequently settled), no assessment had been made by the comptroller-general of the value of the "leasehold" estate, or interest of the Georgia, Florida & Alabama Railroad Company; and when that company objected to the intervention of the comptroller-general, no assessment had been made. It was on April 13, 1931, more than thirty days after the intervention had been filed and allowed over objection, that the comptroller-general assessed the "interest" that the Georgia, Florida & Alabama Company was alleged to have in the lease. Under these circumstances the court did not err in striking the plea in abatement on demurrer.

In the view we take of this case, the assessment made by the comptroller-general for taxation of "said lease contract as property of the Georgia, Florida & Alabama Railroad Company, at a valuation of $1,750,000 for each of the years 1928, 1929, and 1930," was void, for the reason that the lessor had no estate whatever in the property leased, as it had parted with the property, under the terms of the lease set out in the record, for a period of ninety-nine years, with the privilege of renewals for a like period at the end of each ninety-nine year period. This is not an effort to tax the actual rental received by the railroad company, but purports to be a tax on the capitalized value based on the amount of rent to be paid by the railroad company, and this is beyond the power or authority of the comptroller-general. Therefore the court did not err in overruling the general demurrer to the petition, and in continuing in force the restraining order until further order. Other headnotes do not require elaboration.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*